**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BERRY ISAAC MORROW                                                                                       PLAINTIFF
ADC #143825

V.                                        NO: 5:10CV00286 JMM/HDY

ARKANSAS DEPARTMENT
OF CORRECTION *et al.*                                                                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing before the District
         Judge  (if such  a  hearing is granted)  was not  offered at  the
         hearing before the Magistrate Judge.

1

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, currently held the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed *a pro se* complaint (docket entry #2) on September 23, 2010, challenging disciplinary actions, and alleging that he is being forced to work beyond his physical ability, and being denied adequate medical care. Plaintiff's original complaint named only the ADC and Larry Norris as Defendants. On October 8, 2010, the Court entered an order noting that Plaintiff's complaint was too vague to determine if it stated a claim for relief (docket entry #4). That order also directed Plaintiff to file an amended complaint, naming the specific individuals who forced him to work beyond his abilities, or denied him medical care, the dates involved, and the injuries he sustained. On January 12, 2011, Plaintiff filed the amended complaint, adding as new Defendants Douglas Swiney, Albert Steward, Justine Minor, James Gibson, Lathan Ester, Greg Harmon, Edward Eaton, Moses Jackson, Pinkie Hill, Russell Carter, Lester Allen, Eric Pharr, William Ivory, James Lang, Henry Williams, and unnamed Does (docket entry #18).

## **I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

**II.  Analysis**

In his amended complaint, Plaintiff asserts that he began performing fieled work on February 26, 2009, when he developed back problems and a hernia.  A guard known as the "rider" asked Plaintiff what was wrong, and Plaintiff told him that he was in "terrible pain."  The rider told Plaintiff that he was simply not used to work, and had another inmate demonstrate the proper work technique, and sent Plaintiff back to work.  About 15 minutes later, the rider called Plaintiff out of the line to discuss his poor performance.  Plaintiff told him he was weak, nauseous, and faint, and

requested medical attention. However, because of threats made by the rider, Plaintiff continued working until his lunch break.

After lunch, Plaintiff told Swiney of the problem, and Swiney put Plaintiff on the medical lay-in list, and sent him back to the barracks, where an unnamed officer refused to let Plaintiff report to the infirmary, telling Plaintiff that the medical providers would call when they needed him. Throughout the weekend, Plaintiff spoke with a number of unnamed officers, but was never seen by medical providers.

Plaintiff alleges that the next work day was March 3, 2009, and when the work call was given, he reminded Swiney of his condition, but Swiney told him to report to work anyway. Plaintiff refused, and was taken to isolation where an unnamed nurse essentially ignored his problems, and sent him to a restricted housing assignment. Swiney issued Plaintiff a disciplinary citation sometime between March 4, 2009, and March 17, 2009. On March 19, 2009, Plaintiff saw a nurse, and he was later assigned to building utility status. However, on March 30, 2009, Steward directed Plaintiff to report for field work, and wrote Plaintiff a disciplinary charge when he refused.[1] Although he was unaware of the fact at the time, Plaintiff and all other inmates had been removed from their building utility assignments, due to the warden's belief that there were too many idle inmates. Plaintiff was ultimately found guilty of the disciplinary violations in hearings before Minor and Ester. Plaintiff's appeals to Gibson, the warden, and Norris were fruitless.

It is apparent from Plaintiff's amended complaint that he never actually performed field work

---

[1] The March 30, 2009, disciplinary charge was the subject of another lawsuit Plaintiff filed. See *Morrow v. Arkansas Department of Correction et al.*, ED/AR No. 5:10CV285. That case was dismissed, and the Court of Appeals affirmed the dismissal on February 23, 2011. Thus, Plaintiff's claims with respect to that disciplinary event are arguably *res judicata*, although the facts alleged are somewhat different in the two cases.

after he took his lunch break on February 26, 2009.  Thus, the only person who actually could be said to have forced Plaintiff to work was the unnamed rider.  Likewise, the only individuals who could be said to have denied Plaintiff medical care were unnamed guards and an unnamed nurse.  Without identifying the individuals responsible for the alleged constitutional violations, Plaintiff cannot maintain his lawsuit against them, and all such claims should be dismissed.

Plaintiff's claims made in connection with the disciplinary charges, and his hearings and appeals, are essentially due process challenges.  "Due process is flexible and calls for such procedural protections as the particular situation demands." *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976) (internal quotation and alteration omitted).  At its essence, however, "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Id*. at 333 (internal quotation omitted).  It is clear from the complaint that Plaintiff had an opportunity to be heard, and is simply dissatisfied with the decisions made by the hearing officers.  Plaintiff's conclusory claims of bias on the part of hearing officers are insufficient to state a claim for a constitutional violation.  *See McMaster v. Pung*, 984 F.2d 948, 952 (8th Cir. 1993)(no factual basis for inmate's claim of bias; no hearing officer involved in underlying event).  Likewise, the fact that the disciplinary charges may have been false or improper is not a constitutional violation.  *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)(*citing Freeman v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir. 1986), cert denied, 458 U.S. 982 (1988)).  Accordingly, Plaintiff's claims regarding his disciplinary citations should be dismissed.

Finally, the undersigned observes that Plaintiff has included in his amended complaint seemingly unrelated claims that his constitutional rights have been violated because he has been disciplined over the course of more than a year and a half for being in violation of the grooming

policy. Plaintiff contends that he cannot cut his hair because of his religious beliefs. However, the United States Court of Appeals for the Eighth Circuit has held that hair length regulations are constitutional. *Hamilton v. Schriro*, 74 F.3d 1545, 1550 (8th Cir. 1996). Accordingly, Plaintiff constitutional claims regarding the ADC's grooming regulations should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE with respect to his claims against the Doe rider, Doe guards, and Doe nurse; and DISMISSED WITH PREJUDICE with respect to his claims against all other Defendants.

2. All pending motions be DENIED.

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   14   day of March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE